UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CLARENCE T. NALLS, JR., D/B/A
C.C. & SHIPPING, INC.                    CIVIL ACTION

VERSUS                                   NUMBER 13-539-SDD-SCR

BRAD SMITH, ET AL


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 21, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE T. NALLS, JR., D/B/A
C.C. & SHIPPING, INC.                    CIVIL ACTION

VERSUS                                   NUMBER 13-539-SDD-SCR

BRAD SMITH, ET AL

## MAGISTRATE JUDGE'S REPORT

Before the court is a motion to remand filed by plaintiff Clarence T. Nalls, Jr. d/b/a C.C. & Shipping, Inc.  Record document number 12.[1]  The motion is opposed.[2]

Plaintiff[3] filed suit in state court on June 28, 2013 against defendants Brad Smith and FedEx Ground d/b/a as FedEx Home Delivers, (hereafter, "FedEx") for breach of contract and related injuries arising out of a contract between the plaintiff and FedEx

---

[1] The motion is titled "Motion and Notice of Motion."

[2] Record document number 17.

[3] The identity of the plaintiff is somewhat confusing. The state court petition alleges in one paragraph that "Clarence T. Nalls, Jr. d/b/a C.C. & S Shipping, Inc. 'hereafter' referred to as 'plaintiff' is a major domiciliary" (sic) of Baton Rouge, Louisiana.  But in the next paragraph the petition alleges that the plaintiff is a corporation.  Record document number 1-4, Petition for Damages for Breach of Contract and Related Injuries, §§ II and III.  This discrepancy is not material to the determination of subject matter jurisdiction.  For ease of understanding, however, this Magistrate Judge's Report will use terminology indicating that the plaintiff is an individual person even though other information in the record indicates that the plaintiff is the corporate entity.

for the plaintiff to deliver packages to individual homes.[4] Plaintiff claimed that Smith, the terminal manager, harassed him regarding disputed deliveries, and FedEx wrongfully terminated the contract in June 2012 for alleged improper scanning.

Defendants removed the case based on diversity jurisdiction. Defendants alleged that diversity jurisdiction exists because at the time the suit was both filed and removed, Smith's domicile and citizenship for purposes of diversity was in Tennessee, not Louisiana. Defendants submitted Smith's declaration in support of their position that at the relevant times he was a Tennessee citizen.[5] In the alternative, the defendants argued that Smith was improperly joined. Defendants alleged that FedEx is a Delaware corporation with its principal place of business in Pennsylvania. With regard to the amount in controversy, defendants alleged and attached documents showing that the amount in controversy exceeds $75,000.[6]

Plaintiff moved to remand the case to state court. Plaintiff argued that the case should be remanded because at the time suit

_____

[4] In the Notice of Removal defendants stated that Smith was the Senior Manager at FedEx Ground's Baton Rouge terminal, and that the plaintiff incorrectly named the FedEx defendant. The correct defendant is FedEx Ground Package System, Inc. Record document number 1, Notice of Removal, ¶ 25.

[5] Record document number 1-2, Exhibit A, Declaration of Bradford ("Brad") H. Smith.

[6] Record document number 1, Notice of Removal, ¶¶ 49-53; record document number 1-3, Exhibit B.

was filed Smith was a domiciliary and citizen of Louisiana, and once FedEx had notice of the suit they took action to transfer Smith from Baton Rouge in order to achieve diversity.  Plaintiff also maintained that he has alleged valid claims against Smith and he was not improperly joined.[7]

Based on the applicable law and the analysis that follows, the plaintiff's motion to remand should be denied.

## Applicable Law

Complete diversity requires that all persons on one side of the controversy be citizens of states different from the states of which all persons on the other side are citizens.  *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

A United States citizen who is domiciled in a state is a citizen of that state.  Therefore, generally state citizenship for diversity purposes is considered synonymous with domicile.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996); *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985).

---

[7] In support of his arguments, the plaintiff submitted his own affidavit and the affidavit of several other individuals.  Record document number 12-2, pp. 1-15.

While state law may be consulted for guidance, the question of a person's domicile is a matter of federal common law. *Coury*, *supra*. The definition of domicile is more than a century old: "residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time." *Mitchell v. United States*, 88 U.S. 350, 352, 22 L.Ed. 584 (1874). A person's domicile persists until a new one is acquired or it is clearly abandoned, therefore, a change in domicile generally requires the concurrence of physical presence at the new location and an intention to remain there indefinitely. *Coury*, 85 F.3d at 250.[8]

> Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile. Words may be evidence of a man's intention to establish his domicile at a particular place of residence, but they cannot supply the fact of his domicile there. In such circumstances, the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile.

*Freeman*, 754 F.2d at 555-56, *citing*, *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

Because domicile is evaluated in terms of objective facts, a litigant's statement of intent is relevant to the determination of

---

[8] There is no particular time period required for residency in the establishment of domicile. Once presence in the state and intent to remain there are met, the new domicile is instantaneously established. *See*, *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).

4

domicile, but it is entitled to little weight when it conflicts with the objective facts. *Coury*, 85 F.3d at 251. The court should look to all evidence which sheds light on the litigant's intention to establish domicile, including a variety of factors such as the places where the party exercises civil and political rights, pays taxes, owns real and personal property, holds driver's and other licenses, has bank accounts, places of business or employment, belongs to churches and other organizations, and maintains a home for his family. No single factor is determinative. *Id.; Computer People, Inc. v. Computer Dimensions International, Inc.*, 638 F.Supp. 1293, 1295 (M.D.La. 1986).

Diversity must exist at the time the action is commenced. In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury*, 85 F.3d at 248-49. In determining a party's domicile, the court is not limited to the pleadings. It may look to any evidence in the record, and may receive affidavits, depositions or live testimony concerning the facts underlying the citizenship of the party. The ultimate burden on the issue of jurisdiction lies with the party invoking federal jurisdiction. *Id.*, at 249-50.

## Analysis

Defendants have the burden of establishing that there was

5

complete diversity of citizenship both at the time suit was filed and at the time of removal.  The existence of jurisdiction here turns on the citizenship of defendant Smith as of June 28, 2013 when plaintiff filed suit, and on August 16, 2013 when the defendants removed it.  The following facts set forth in Smith's declaration are relevant to this inquiry.[9]

Smith is currently employed by FedEx as Assistant Manager - Hub in Memphis, Tennessee.  He learned of the position in June 2013, applied for it on June 29, 2013, and accepted an offer for the position the next month on July 17.  Smith moved to Tennessee on August 3, 2013 and began his new position two days later on August 5.  Smith stated that he intends to remain in Tennessee indefinitely to pursue promotions with FedEx in Memphis.  These facts are undisputed and definitively establish that when the suit was removed Smith resided in Memphis, Tennessee with an intention to remain there indefinitely.  This establishes that on the day the defendants removed the case - August 16 - Tennessee was Smith's domicile.  Therefore, at the time of removal he was a citizen of that state for purposes of diversity jurisdiction.

With regard to Smith's domicile at the time suit was filed on

---

[9] Plaintiff's affidavit includes a conclusory statement that Smith "was at the time of commencement of this [action]" a citizen and resident of the state of Louisiana, residing in Baton Rouge, Louisiana.  Record document number 12-2, Affidavit of Clarence T. Nalls, Jr., ¶ 4.  Other than the fact that Smith resided in Baton Rouge at the time suit was filed, the affidavit does not contain any other facts relevant to the citizenship analysis.

June 28, a lengthier analysis is necessary because of the history of Smith's employment with FedEx. However, the result is the same - at the time suit was filed all the facts support the conclusion that Smith was a citizen of Tennessee.

The following facts, from Smith's declaration, are undisputed. When Smith was a student at the University of Arkansas he began working as a package handler for FedEx in 2002. After his graduation from college in 2003, he entered the managerial employment track for FedEx. His career goal, beginning as a manager for FedEx, was to become a Manager Director for FedEx in Memphis or a suburb of Memphis, which is a regional headquarters for the company. He first worked for four years as a manager in Kansas City, Missouri, and then in 2007 transferred to the FedEx terminal in Olive Branch, Mississippi. At the time he held this position in Mississippi, Smith did not live in Mississippi but lived in Collierville, Tennessee which is near Memphis. He opened bank accounts in Collierville, which he continued to use when he was later promoted and transferred to positions in Fort Smith, Arkansas (2009) and Baton Rouge, Louisiana (March 2011). When Smith was transferred to Arkansas and Louisiana, he resided in those states and obtained a state driver's license, vehicle registration and voter identification card. Smith believed he was required to do so to comply with state law and FedEx employment policies. Smith moved to Louisiana for the manager position at the

Baton Rouge terminal because it was experience he needed in order to obtain his goal of a position at the FedEx hub in Memphis. He only expected to be in Louisiana for a couple of years and had no intentions of remaining in Louisiana indefinitely. When he resided in Louisiana he rented his residence, did not open any bank accounts in Louisiana, and did not own any real property in the state. The day he was offered the new managerial position in Memphis he accepted the offer, moved there, and intends to remain in Tennessee indefinitely.

Smith's employment history and intentions are undisputed - obtain a managerial position in the Memphis, Tennessee area and remain there indefinitely. Smith's actions both before and after he moved to Collierville, Tennessee in 2007 - his entire course of conduct - are all consistent with his stated intention of permanently residing and working in Tennessee.[10] When he obtained transfer/promotion that allowed him to reside in the Memphis, Tennessee area - the transfer to the job in Olive Branch, Mississippi - he did so. When he was promoted and transferred to Fort Smith and Baton Rouge he only took the steps that he believed were consistent with his employer's policies and local law - obtain a driver's license, vehicle registration and voter registration. He maintained his Tennessee bank accounts that he opened in 2007

---

[10] "[T]he actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors" in determining domicile. *Freeman*, *supra*.

and never abandoned his intention to return to Tennessee.  As soon as he learned of the managerial position in Memphis in June 2013[11] he applied for it and accepted the offer the day he received it. He returned to Tennessee a little over two weeks later.

Thus, Smith's residence in Baton Rouge from March 2011 to August 3, 2013 was without the intent to remain there for an unlimited time, and so did not change his domicile to Louisiana. Plaintiff's reliance on state law and the fact that the plaintiff changed his license and voter registration when he lived in Baton Rouge are insufficient to overcome all the evidence of Smith's intent and the objective facts consistent with that intent.[12]  Thus, the undisputed facts support the conclusion that when the plaintiff filed suit on June 28, 2013 Smith's domicile was Tennessee.

In summary, the defendants have satisfied their burden of establishing that at the time the plaintiff filed suit on June 28, and when the case was removed on August 16, 2013, complete diversity existed based on the plaintiff being a Louisiana citizen, and Smith and FedEx being citizens of Tennessee, Delaware and Pennsylvania, respectively.

Defendants also argued that Smith was improperly joined.  It

---

[11]  Smith stated that he applied for the job on June 29. Therefore, it is reasonable to assume that he learned about the job opening on or before June 28, the date this suit was filed.

[12]  Plaintiff also asserted that when FedEx had notice of the suit, it took action to move Smith from Baton Rouge.  Plaintiff did not provide any facts/evidence to support this assertion.

is unnecessary to address and resolve the issue of improper joinder, which is based on the assumption that Smith is a Louisiana citizen who was improperly named as a defendant to defeat diversity jurisdiction.  Whether the plaintiff has a viable claim against Smith can be addressed in the ruling on the Defendants' Motion for Partial Dismissal Under Rule 12(b)(6) and Motion for Partial Summary Judgment.[13]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the motion to remand filed by plaintiff Clarence T. Nalls, Jr. d/b/a C.C. & Shipping, Inc. be denied.

Baton Rouge, Louisiana, November 21, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] Record document number 4.