UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE T. NALLS, JR.<br>D/B/A C.C. & S. SHIPPING, INC.<br><br>VERSUS<br><br>FEDEX GROUND<br>D/B/A FEDEX HOME DELIVERY | CIVIL ACTION<br><br>NO. 13-539-SDD-SCR |

## **RULING**

This matter is before the Court on a *Motion for Partial Dismissal and Motion for Partial Summary Judgment* filed by Defendants FedEx Ground d/b/a FedEx Home Delivery and Brad Smith.[1] An *Opposition* and *Reply Brief* have been filed.[2]

**I.    FACTS AND PROCEDURAL HISTORY**

This state lawsuit was filed by Clarence T. Nalls, Jr., d/b/a C.C. & S. Shipping, Inc., because he contends that after a three year working relationship, on July 21, 2012, FedEx unlawfully terminated its independent contractor operating agreement with his company.[3] FedEx contends that under the express terms of the parties' agreement, specifically Section 9.1(c), termination was authorized due to C.C. & S. Shipping's numerous breaches of contract for service violations and infractions, including improper scanning of packages, lost packages, and delivering packages from personal vehicles.[4] Plaintiff argues that FedEx's proffered explanation for the contract termination is merely pretext, and that Clarence T. Nalls, Jr.'s age was the true motivating factor. Additionally, Plaintiff claims it was subjected to continuous harassment at the hands of

---

[1] Rec. Doc. 4.
[2] Rec. Doc. 13; Rec. Doc. 16.
[3] C.C. & S. Shipping, Inc., a Louisiana Corporation, is the proper Plaintiff in this matter.
[4] Rec. Doc. 1-2, Section 9.1(c).

FedEx terminal manager Brad Smith and that, upon the termination of the contract, Smith further discriminated against Plaintiff by rejecting its request to sell the business to Charles Nalls' company, CCN Shipping, Inc., thereby also interfering with Plaintiff's right to contract.[5] Once again relying on the parties' agreement, Defendants argue that, although Plaintiff had the right to assign its rights to another contractor, the assignment was ultimately subject to FedEx's approval.[6] Because Charles Nalls had been involved with 31 of Plaintiff's 89 service issues and other violations, FedEx did not deem Charles Nalls a qualified contractor and refused the request. Plaintiff's allegations provide the substance of its state contract, tort, and discrimination claims against FedEx[7] and Smith.[8]

Defendants timely removed Plaintiff's state law action on August 16, 2013, based on diversity jurisdiction.[9] Defendants now seek partial dismissal under Rule 12(b)(6) of Plaintiff's individual claim for breach of contract against Smith and for Plaintiff's claims against both Smith and FedEx for tortious interference of contract, age discrimination, and harassment. Defendants also seek partial summary judgment as to Plaintiff's claims against Defendants premised on tortious interference of contract, tortious interference with a business relationship, harassment, and age discrimination. Additionally, under both motions, Defendants argue that Plaintiff's claims have prescribed.

---

[5] Charles Nalls is Clarence T. Nalls, Jr.'s son.
[6] Rec. Doc. 1-2, Section 15 of the FedEx Home Delivery Standard Contractor Operating Agreement.
[7] In the *Notice of Removal*, FedEx asserts that diversity of citizenship exists among all of the parties: FedEx is a Delaware Corporation with its principal place of business in Pennsylvania; plaintiff is a major domiciliary of East Baton Rouge Parish, State of Louisiana; and Smith is a domiciliary and citizen of the State of Tennessee. Rec. Doc. 1, pp. 6-10.
[8] Nalls contends in his opposition that his "claim initiated in state district court and was never intended to be grounded in federal law," and that "all claims arose under state law." Rec. Doc. 13, p. 3.
[9] Pursuant to *Erie R.R. Co. v. Tompkins*, the Court must apply the appropriate state substantive law, which in this case is Louisiana law. 304 U.S. 64, 58 S.Ct. 817 (1938).

As to Defendants' prescription argument, the Court is not convinced that Plaintiff's claims are untimely. Nevertheless, this is of no moment, as the Court finds merit in Defendants' remaining arguments requiring dismissal of Plaintiff's claims.

## II. LAW

### A. Standard for Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[11] In *Twombly*, the Court explained "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[15] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences

---

[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 2004)).
[11] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).
[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929(2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[14] *Id.* at 678.
[15] *Id.*

favorable to the plaintiff.'"[16]  On a motion to dismiss, courts "are not bound to accept as true legal conclusion couched as a factual allegation."[17]

When considering a Rule 12(b)(6) motion, the Courts are limited to reviewing the pleadings and any exhibits attached thereto.  However, the Fifth Circuit has provided a narrow exception to this this rule whereby a "court may treat documents attached to a motion to dismiss as a part of the pleadings without converting the motion into one for summary judgment if the complaint refers to the documents, and the documents are central to the plaintiff's claim."[18]  In this case, not only is the Contractor Operating Agreement referenced in Plaintiff's petition, but it is central to Plaintiff's claims of breach of contract and tortious interference with contract and business relations.  Having satisfied the Fifth Circuit's narrow exception for considering exhibits on a Rule 12(b)(6) motion, the Court shall consider the Standard Contractor Operating Agreement in deciding Defendants' *motion to dismiss*.

### 1. State Law Age and Harassment Claims

At the outset, the Court finds it most important to address the fact that, based on the allegations in the Petition, the actual Plaintiff in this matter is C.C. & S. Shipping, Inc., and not Clarence T. Nalls, Jr.[19]  This fact is significant as it fatally impacts those claims brought under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S.

---

[16] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2(S.D. Tx. 5/3/12)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[17] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[18] *St. Paul Fire & Marine Ins. Co. v. Bd. of Comm'rs of the Port of New Orleans*, 2012 WL 1118419, at *2 (E.D.La. 4/2/12).  The Fifth Circuit has explained that it is permissible for the Court to consider "documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V. (U.S.) v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010).
[19] Rec. Doc. 1-4, p. 1, ¶III.  Even if Nalls were the proper Plaintiff, his claim would also fail as he has alleged to being an independent contractor, and not an employee, of FedEx.  Rec. Doc. 1-4, p. 1, ¶III; Rec. Doc. 1-2, Standard Operating Agreement.

23:301, *et seq*. The LEDL prohibits employers from discriminating against or harassing an employee because of his or her age in the employment setting.[20] An employer is defined under the LEDL as an entity that receives services from an employee, who is compensated in return.[21] The term "employee" is defined as "an **individual** employed by an employer."[22] C.C. & S. Shipping has alleged that it is "legally and locally domiciled corporation."[23] Accepting the well-plead facts as true, the Court finds that C.C. & S. Shipping is not an "individual" and, therefore, cannot qualify as an employee of FedEx or Smith under the LEDL. Accordingly, the Court dismisses C.C. & S. Shipping's state law age and harassment claims against FedEx and Smith.[24]

In the alternative, Plaintiff has also failed to state viable age discrimination and harassment claims against Smith because a cause of action against co-employees or supervisors is not viable under the LEDL.[25] As alleged by Plaintiff, Smith served in a supervisory position as the Terminal Manager of the Baton Rouge FedEx Terminal.[26] Therefore, the Court finds, in the alternative, that Plaintiff cannot state a viable claim for age discrimination or harassment against Smith, a supervisor, under the LEDL.

---

[20] La. R.S. 23:312(A)(1) makes it unlawful for an employer to "[f]ail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, or his terms, conditions or privileges of employment because of the individual's age."
[21] La. R.S. 23:302(2).
[22] La. R.S. 23:302(1).
[23] Rec. Doc. 1-4, p. 1, ¶III.
[24] The Court will not consider the Defendants' alternative summary judgment argument as to Plaintiff's discrimination claims since it has found that Plaintiff has failed to state claims for age discrimination and harassment under the LEDL.
[25] *Aronzon v. Southwest Airlines*, 2004 WL 57079, *5 (E.D.La. 1/9/04)(LEDL does not "provide a cause of action against a co-employee or a supervisor" and applies only to employers as defined in Chapter 23); *Smith v. Amedisys Inc.*, 298 F.3d 434, 447-48 (5th Cir. 2002).
[26] Rec. Doc. 1-4, p. 1, ¶I. "Brad Smith at all times pertinent hereto was employed by FedEx Corporation as Terminal Manager, and was responsible for the day to day operation for the Baton Rouge FedEx Terminal."

## 2. **Plaintiff Has Failed to State a Breach of Contract Claim Against Smith**

The Petition is devoid of any allegation that C.C. & S. Shipping, or Clarence T. Nalls, Jr. for that matter, ever entered into a contract with Smith. Upon closer examination of the actual operating agreement, it is clear that Nalls and FedEx, through Seneca Berry, were the only parties to the original agreement.[27] When Nalls subsequently assigned his interest in the operating agreement to C.C. & S. Shipping, the agreement included no other parties except for FedEx.[28] "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished."[29] It is undisputed that "[t]he central elements of a breach of contract action are the existence of a contract, a party's breach thereof, and damages."[30] Because Plaintiff has failed to allege, and cannot establish, the existence of a contract between itself and Smith, Plaintiff's breach of contract claim against Smith must fail.

## 3. **Plaintiff's Claim for Tortious Interference of Contract Fails on the Merits**

Plaintiff's claim for tortious interference with contract cannot survive a Rule 12(b)(6) motion. Louisiana law recognizes claims for tortious interference of contract under very narrow circumstances strictly involving "a corporate officer's duty to refrain from intentional and unjustified interference with the contractual relation between his employer and a third person."[31] In other words, under Louisiana law, claims for tortious

---

[27] Rec. Doc. 1-2, p. 37. In fact, Plaintiff states in its opposition memorandum that Seneca Berry was the terminal manager when the independent contractor agreement was signed on June 30, 2009 and he remained the terminal manager until April 2010. Rec. Doc. 13, p. 1.
[28] The Assignment Amended Agreement was entered into by C.C. Shipping and Fed Ex. FedEx. was represented by Allen Ray, Senior Management. Again, Smith neither signed nor was he a party to the Assignment Amended Agreement.
[29] La. C.C. art. 1906.
[30] *Favrot v. Favrot*, 2010-0986 (La.App. 4 Cir. 2/9/11), 68 So.2d 1099, 1108-09 (quoting *Hercules Machinery Corp. v. McElwee Bros.*, Inc., 2002 WL 31015598, at *9 (E.D.La. 9/2/02).
[31] *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989); *Spencer-Wallington, Inc. v. Service Merchandise, Inc.*, 562 So.2d 1060, 1063 (La.App. 5 5/30/90) ("*Spurney* expressly recognized a duty on

interference of contract can only be brought against corporate officers. "Federal courts have respected the restricted nature of this new delict."[32]  Accepting the well-plead facts as true and not straining to make any inferences, Plaintiff's allegation that Smith was a FedEx Terminal Manager will not give rise to a claim for tortious interference of contract under Louisiana law, and it must be dismissed.[33]  Moreover, because Smith is not liable to Plaintiff for tortious interference with contract, it logically follows that FedEx cannot be vicariously liable to Plaintiff for tortious interference of contract.[34]  Accordingly, Plaintiff's claims for tortious interference of contract shall also be dismissed.

### B. Defendants' Motion for Partial Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[35]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[36]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[37]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every

---

the part of a *corporate officer* not to interfere with the *corporation's* contractual relations." (emphasis original)).
[32] *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, n.2 (5th Cir. 1992).
[33] Rec. Doc. 1-4, p. 1. The Court will also not strain to make the inference that Smith was a corporate officer of FedEx.
[34] "The law in this area is clear that an employer is liable for a tort committed by his employee, if, at the time, the employee was acting within the course and scope of his employment." *Baumeister v. Plunkett*, 673 So.2d 994, 996 (La. 5/21/96).
[35] Fed.R.Civ.P. 56(a).
[36] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, at 398-99 (5th Cir. 2008).
[37] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, at 494 (5th Cir. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, at 323-25, 106 S.Ct. at 2552)).

essential component of its case.'"[38]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[39]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[40]  All reasonable factual inferences are drawn in favor of the nonmoving party.[41]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[42]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[43]

### 1. Tort Claims Pertaining to Transfer of Agreement Fail Under Rule 56

On this summary judgment motion, Defendants seek dismissal of Plaintiff's claims for violation of right to contract and tortious interference with business relations arising out of FedEx's decision to prohibit the Plaintiff's transfer request to Charles Nalls.[44]  Under Louisiana law, "[a]greements legally entered into have the effect of law on those who have formed them and the courts are bound to give legal effect to such

---

[38] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, at 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[39] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, at 315 (5th Cir. 1995) )(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[40] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[41] *Galindo v. Precision American Corp.*, 754 F.2d 1212, at 1216 (5th Cir. 1985).
[42] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, at 857 (5th Cir. 2010).
[43] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, at 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[44] Because the Court previously dismissed Plaintiff's harassment claim under Rule 12(b)(6), it is unnecessary to consider Defendant's summary judgment motions as to this claim.

contracts according to the true intent of the parties. The intent of the parties is to be determined from the words of the contract and when these are clear and explicit, the terms of the contract must prevail."[45] As for Plaintiff's tortious interference with business relations claim, "Louisiana law protects the businessman from 'malicious and wanton interference,' though it permits interferences designed to protect legitimate interests of the actor."[46] Therefore, a plaintiff asserting such a claim "must ultimately show 'by a preponderance of the evidence that the defendant improperly influenced others not to deal with the plaintiff.'"[47]

In their *Statement of Material Facts*, Defendants do not dispute that FedEx denied Plaintiff's request to transfer its operating agreement to Charles Nalls' business, CCN Shipping, Inc. They do, however, offer evidence showing that no genuine issue of material fact exists as to Plaintiff's related contract and tort claims. In response to Plaintiff's violation of right to contract claim, Defendants refer to Section 15 of the parties agreement which provides that Plaintiff (as contractor) "ha[d] the right to assign [its] rights and obligations … to a replacement contractor acceptable to [FedEx] as being qualified to provide the services of Contractor under th[e] Agreement."[48] Defendants offer additional evidence to show that any alleged interference—requiring approval of the assignment of rights—was permissible since it was designed to protect the legitimate interests of FedEx. According to FedEx, approximately 31 of Plaintiff's 89 service issues and other agreement violations were attributable to Charles Nalls.[49] "FedEx Ground's Contractor Relations Department … rejected the [transfer] request on

---

[45] *Sleet v. Gray*, 351 So.2d 286, 287-88 (La.App. 3 Cir. 1977).
[46] *Bogues v. Louisiana Energy Consultants, Inc.*, 46,434 (La.App. 2 Cir. 8/10/11), 71 So.3d 1128, 1135.
[47] Id. at 1134-35 (quoting *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1(5th Cir. 1992)).
[48] Rec. Doc. 4-2, p. 4, ¶17.
[49] Rec. Doc. 4-2, p. 3, ¶19; Rec. Doc. 1-2, p. 5, ¶21.

the basis that Charles Nalls drove Plaintiff's route while incurring significant service issues."[50] On July 20, 2012, FedEx rejected the Plaintiff's transfer request on this basis as it "did not deem Charles Nalls to be an acceptable replacement contractor."[51]

In response to Defendants' motion and *Statement of Uncontested Material Fact*s, Plaintiff filed an opposition and what is captioned as a "Statement of Fact in Support of Opposition to Motion for Partial Summary Judgment."[52] Upon closer examination, however, it is apparent that the 14 so-called statements of fact Plaintiff relies upon are entirely conclusory argument devoid of any evidentiary support.

It is well-settled that the non-movant's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."[53] While courts do resolve factual controversies in favor of the non-movant, this occurs "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. [Courts] *do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*."[54] Moreover, Local Rule 56.2 requires a non-moving party to submit disputed facts as to which there is a genuine issue to be tried. As this Court recently explained, "wherever Plaintiff fails to direct the Court to specific evidence in the record to controvert the supporting evidence set forth by the Defendant … the fact is deemed admitted for purposes of LR 56.2."[55]

---

[50] Rec. Doc. 4-2, p. 4, ¶20; Rec. Doc. 1-2, pp. 5-7, ¶22 and 30.
[51] Rec. Doc. 4-2, p. 4, ¶¶20-21.
[52] Rec. Doc. 13-1.
[53] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal citations omitted).
[54] *Id.* (emphasis original).
[55] *Antoon v. Woman's Hospital Foundation d/b/a Woman's Hospital*, 2012 WL 1094715, *n.2 (M.D.La. 5/30/12).

The Court finds that Plaintiff has failed to carry its burden of establishing a genuine issue of material fact by controverting the Defendants' facts and supporting evidence within their *Statement of Uncontested Material Facts*. Therefore, pursuant to LR 56.2, Defendants' *Statement of Uncontested Material Facts* is deemed admitted.

Considering Defendants' admitted facts, the Court finds that under the express terms of the agreement, Plaintiff did not have an unfettered right to transfer the agreement to anyone of its choosing, and FedEx had a legitimate interest for rejecting, or interfering, with Plaintiff's request to transfer its agreement to Clarence Nalls. Accordingly, Plaintiff's claims for violation of right to contract and tortuous interference with business relations must be dismissed.

### III.  CONCLUSION

Accordingly, Defendants' *Motion for Partial Dismissal and Motion for Partial Summary Judgment* are hereby GRANTED.[56]  Plaintiff's state law claims of age discrimination, harassment, tortious interference of contract, violation of right to contract, and tortious interference with business relations against Defendants, FedEx and Brad Smith, are hereby dismissed with prejudice. Furthermore, Plaintiff's breach of contract claim against Defendant, Brad Smith, is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>March 24, 2014</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[56] Rec. Doc. 4.