UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE T. NALLS, JR.
D/B/A C.C. & S. SHIPPING, INC.

VERSUS

FEDEX GROUND
D/B/A FEDEX HOME DELIVERY

CIVIL ACTION

NO. 13-539-SDD-SCR

## RULING ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS[1]

Defendant, FedEx Ground Package System, Inc. (FedEx), moves for Judgment on the pleadings pursuant to FRCP 12(c). A Motion for Judgment on the Pleadings under Rule 12(c) is subject to the same standards as a Motion to Dismiss for Failure to State Claim pursuant to Rule 12(b)6.[2] In considering a Rule 12(c) motion, the Court may consider documents referred to in the Plaintiff's *Complaint* which are central to the Plaintiff's claims.[3]

FedEx moves to dismiss, or alternatively stay these proceedings, in favor of mandatory arbitration. FedEx relies on an arbitration clause in the FedEx Home Delivery Standard Contract or Operating Agreement ("Agreement") between the parties. The Court notes that the subject agreement is referenced in the Plaintiff's *Complaint* and attached as an exhibit to the Plaintiff's *Complaint*.[4]

---

[1] Rec. Doc. 35.
[2] Doe v. MySpace, Inc. 528 F.3d 413, 418 (5th Cir. 2008).
[3] *In Re Chinese Manufactured Drywall Products Liability Litigation*, 759 F. Supp. 2d 822, 828 (E.D. La. 2010).
[4] Rec. Doc. 1-2.

1

DM 1546

A determination whether to compel arbitration is question of law. When an arbitration clause in invoked, the Court must decide whether a valid agreement to arbitrate exists between the parties and whether the dispute involved is within the scope of the arbitration provision.

In this case, the Plaintiff pleaded the existence of the Agreement and asserts claims under the Agreement. Section 9.3 of the Agreement provides as follows:

**Arbitration of Asserted Wrongful Termination**

In the event FHD acts to terminate this Agreement (which acts shall include any claim by Contractor of constructive termination) and Contractor disagrees with such termination or asserts that the actions of FHD are not authorized under the terms of this Agreement, then each such disagreement (but no others) shall be settled by Arbitration in accordance with the commercial arbitration rules of the American Arbitration Association (AAA) in accordance with the terms and conditions set forth in Addendum 7 to this Agreement.[5]

Addendum 7 to the Agreement, signed by both Parties[6] prohibits the Parties from filing any suit for claims subject to the Arbitration Clause "other than a suit to confirm, enforce, vacate, modify or correct the award of the Arbitrator".

The Plaintiff's *Complaint* alleged both arbitral and non-arbitral claims. Specifically, the Plaintiff alleged claims of age discrimination, harassment, tortious interference with contract, and tortious interference with business relations. The non-arbitral claims were previously dismissed by the Court.[7] The Court also dismissed the Plaintiff's breach of contract claim against FedEx employee, Brad Smith.[8] The only remaining claim is the Plaintiff's breach of contract claim against FedEx for termination of the Agreement. This remaining claim is squarely within the Arbitration Clause.

---

[5] Rec. Doc. 1-2, p 35.
[6] Rec. Doc. 1-2.
[7] Rec. Doc. 31.
[8] Rec. Doc. 31.

Hence, the Court concludes that the Parties have entered into an agreement to arbitrate and the only remaining subject claim is directly within the scope of the arbitration provision. Section 9.3 of the Agreement between the Parties mandates arbitration of a contract termination claim. The Agreement between the Parties provides that the contract "shall be governed by and construed in accordance with the laws of the commonwealth of Pennsylvania".[9] Pennsylvania law strongly favors arbitration.[10] Likewise, Louisiana law also strongly favors arbitration.[11]

In accordance with the findings and reasons stated herein, the Court will stay these proceedings pending arbitration.

IT IS SO ORDERED.

Signed in Baton Rouge, Louisiana, on May 30, 2014.

*[signature]*

JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[9] Rec. Doc. 1-2, p 36.
[10] *Smith v. Cumberland Group, Ltd.*, 687 A.2d 1167, 1171 (Pa. Super. Ct. 1997).
[11] *Stadtlander v. Ryan's Family Steakhouses, Inc.*, 794 So.2d 881, 888 (La. App. 2 Cir. 2001).